FILED
SUPERIOR COURT
OF GUAM

2021 JUN 18 PM 2:14

CLERK OF COURT

By: _____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, ) CRIMINAL CASE NO. CF0132-21
)
             Plaintiff, )
)
   vs. ) DECISION & ORDER
) GRANTING DEFENDANTS MOTION
DOMINIC JOSHUA CONTRERAS CRUZ, ) FOR JUDGMENT OF ACQUITTAL
DOB: 07/05/1994 )
)
             Defendant. )
)

This matter came before the Honorable Maria T. Cenzon on Defendant Dominic Joshua Contreras Cruz's ("Defendant") oral Motion for Judgment of Acquittal following the close of the People of Guam's case in chief during the jury trial of this matter on June 16, 2021. Defendant is represented by Assistant Public Defender Zachary Taimanglo and the People of Guam are represented by Assistant Attorney General Renita San Nicolas ("San Nicolas"). Upon consideration of the parties' oral arguments during the hearing of the motion, a review of the testimony of the sole witness at the trial of this matter and analysis of applicable legal authority, the Court GRANTED Defendant's motion for judgment of acquittal from the bench. The Court now issues the instant Decision and Order memorializing its decision.

## RELEVANT FACTS

Defendant is charged with Possession of a Schedule II Controlled Substance (As a Third Degree Felony) in violation of 9 G.C.A. §§ 67.401.2(a) and (b). The factual basis of the charge is set forth in the Declaration to the Magistrate's Complaint (March 10, 2021) as follows:

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 1 of 9*

On or about April 22, 2020, at approximately 2:45 am, GPD officers were patrolling the area of Route 1 and Ysengsong Road in Dededo when they observed a gray Infinity G37 with GLP# SJ5502 drive past them at a high rate of speed. Offers then followed the Infinity through several intersections. When the Infinity reached at red light at Route 1 and North Henry Kaiser, officers observed the Infiniti make a left tum onto North Henry Kaiser while the light was still red.

Officers conducted a car stop and identified the driver and sole occupant of the car as DOMINIC JOSHUA CONTRERAS CRUZ ("DEFENDANT"). Officers explained to the Defendant why he was pulled over and the Defendant replied in sum and substance that the red light takes too long and he didn't want to wait. During the interaction, officers observed that the Defendant appeared to be unusually nervous and was holding a t-shirt across his chest while continually attempted to shield the right side of his body away from the officers. Officers asked the Defendant if there were any illegal items or weapons in the car and the Defendant replied that there were not. Officers then asked if the Defendant would step out of the car so that they could pat him down for weapons. The Defendant agreed and placed the t-shirt on the front passenger seat; a pat-down was conducted and no weapons were located.

While the Defendant was being pat-down for weapons, Officers Camacho observed a glass pipe, commonly used to smoke methamphetamines, was between the front passer seat and the center console. Officers recovered that pipe and observed that it contained a frosty residue. Officers found a second glass pipe with residue under the t-shirt on the front passenger seat. In a backpack, which the Defendant consented to a search of, officers discovered approximately two (2) pounds of marihuana. The Defendant stated in sum and substance that the marihuana belonged to him but the pipes did not. Officers asked who the pipes belonged to and the Defendant replied in sum and substance that he had lent the car to friend earlier. When officers asked the Defendant who the friend was, the Defendant said he couldn't remember his friend's name.

The above-described pipes were later tested and yielded a presumptive positive for methamphetamines.

On March 29, 2021, the Territorial Grand Jury returned a true bill indicting the Defendant of the offense of Possession of a Schedule II Controlled Substance. At arraignment, Defendant asserted his right to speedy trial and trial of this matter commenced on June 14, 2021. On June 14, the People began its case-in-chief by calling Guam Police Department

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 2 of 9*

Officer Ricky J.S. Camacho ("Camacho" or "Witness") to testify. Camacho was the People's only witness.[1]

Officer Camacho testified that on April 22, 2020, he conducted a traffic stop in the Dededo-Yigo area. The following testimony is relevant to the extent that the People identified the Defendant as the individual who was stopped:

> San Nicolas: At that time, did you happen to come across Defendant Mr. Dominic Cruz?
> Witness: Yes, ma'am.
> San Nicolas: What was your interaction with Mr. Cruz?
> Witness: It was a traffic stop, traffic pullover after observing traffic violations.
> San Nicolas: What sort of traffic violations did you observe?
> Witness: Initially, he was straddling the innermost lane, Rte 1 and 27. Then he ran, or he disobeyed a red traffic signal on Route 1 and North Henry Kaiser.
> San Nicolas: And after you had pulled him over for the traffic stop, what, if anything else, happened after that.
> Witness: Um, basically *he did not possess a driver's license at the time.* ...

*Jury Trial* at 3:32:00 - 3:33:05PM (June 14, 2021). No testimony was elicited from Officer Camacho confirming that the individual who was stopped during that traffic stop was the same individual who appeared in court on June 14, 2021 as Defendant Dominic Cruz. When asked about the pipes which were confiscated by Officer Camacho during the traffic stop, he testified as follows:

> Well, I had the on-duty Crime Scene Investigator photograph them prior to me actually removing them. He photographed them and then I did a field test kit which resulted in a presumptive positive for the presence of methamphetamine, and then I packaged them and submitted them as evidence to our evidence control section.

[1] The Court granted Defendant's Motion to Exclude the testimony of proposed witness Officer Edward Perez because, although he was identified as a witness in the People's Witness List filed on May 24, 2021, he was not designated as an "expert witness" until the day of trial on June 14, 2021, when the People submitted its 1st Amended Exhibit List identifying Officer Perez as an expert and submitting his *curriculum vitae* (Exhibit 13) and a GPD Laboratory Report (Exhibit 12) indicating "residue identified to contain methamphetamine hydrochloride." The Court addresses the motion and the exclusion of the exhibit, the certification of the witness as an expert, and the later exclusion of the witness as irrelevant (given he would not be permitted to testify with regard to his opinion based upon scientific or technical knowledge) in a separate Decision and Order memorializing its ruling.

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 3 of 9*

*Id.* at 3:38:07PM. He also testified that, at the scene, he preserved the pipes by placing them in a paper bag which he had readily available and transported them to his office in Tiyan. He testified that he conducted the field test at his office in Tiyan because it provided a "controlled environment" and also because he did not have any field test kits with him at the time of the traffic stop. *Id.* at 3:39PM. When asked why Defendant was not arrested, Officer Camacho stated it was because "it was the peak of the COVID-19 pandemic and the statute of limitations [to prosecute this offense] is three years." *Id.* at 4:30:52PM. No other physical evidence was presented to the jury.

At the close of the People's case-in-chief, Defendant sought a judgment of acquittal, arguing that the People failed to establish its burden of proof, first in establishing the identity of the Defendant and that Defendant was the individual who committed the offense beyond a reasonable doubt; and second, by establishing beyond a reasonable doubt that the Defendant was in possession of a Schedule II Controlled Substance.

For the reasons set forth herein, the Court granted the Defendant's Motion for Judgment of Acquittal.

## LEGAL ANALYSIS

It is axiomatic by now that a court, in ruling on a motion for judgment of acquittal, "review[s] the evidence in the light most favorable to the People and determine[s] whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Wia*, 2020 Guam 17, ¶¶ 35-36 (citing *People v. Song*, 2012 Guam 21 ¶ 26 (citing *People v. Tennessen*, 2009 Guam 3 ¶ 14)); *see also*, 8 GCA § 90.21 (2005) ("No person may be convicted of an offense unless each element of the offense is proved beyond a

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 4 of 9*

reasonable doubt."). "This is a 'highly deferential standard of review.' " *Song*, 2012 Guam 21 ¶ 26 (quoting *People v. Tenorio*, 2007 Guam 19 ¶ 9). However, "the People 'must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom.' " *Id.* ¶ 28 (quoting *State v. Sisk*, 343 S.W.3d 60, 65 (Tenn. 2011)).

Moreover, "[i]t is not the province of the court, in determining [a motion for a judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury. *** [Instead, t]he court is concerned with the existence or nonexistence of evidence, not its weight, ... and this standard remains constant even when the People rely exclusively on circumstantial evidence. *Wia* at ¶ 36 (numerous citations omitted); *see also, People v. Cruz*, 1998 Guam 18 ¶ 9 ("A court determines whether a judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged.").

Applying this standard, the Court found that the People failed to establish its burden of proof with regard to the identity of the Defendant and that he was in possession of illicit substances.

### I.   The People Failed to Establish the Identity of the Defendant Beyond a Reasonable Doubt.

"Identification of the defendant as the person who committed the charged crime is always an essential element which the government must establish beyond a reasonable doubt. *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995), *as amended on denial of reh'g* (Apr. 11, 1995)(citing *United States v. Telfaire*, 469 F.2d 552, 555, 559 (D.C.Cir.1972); *United States v. Fenster*, 449 F.Supp. 435, 439 (E.D.Mich.1978)). However, in-court identification by a witness is not necessarily required. *United States v. Fern*, 696 F.2d 1269, 1276 (11th Cir.1983).

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 5 of 9*

"Identification can be inferred from all the facts and circumstances that are in evidence." *United States v. Weed*, 689 F.2d 752, 754 (7th Cir.1982). "[A] witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." *United States v. Darrell*, 629 F.2d 1089, 1091 (5th Cir.1980). *See also, United States v. Miller*, 797 Fed. Appx. 288 (9th Cir. 2019)(appellate court reversed robbery conviction because the government failed to tie defendant to the scene of the crime or identify him as the person driving the getaway van and, therefore, "no rational juror court conclude *beyond a reasonable doubt* that Miller [committed the robbery].").

From an examination of the testimony of the only witness, Defendant was never positively identified as the individual who was stopped by Officer Camacho; therefore, it is conceivable that the individual stopped on the evening of April 22, 2020, and the individual who appeared in the courtroom for trial are not one in the same. Officer Camacho stated that the individual who was stopped the evening of April 22, 2020, did not have a driver's license which would have aided in confirming his identity. He also testified that he did not arrest the individual; therefore, no mug shot nor fingerprints of the Defendant were presented to the jury which could establish beyond a reasonable doubt that it was Defendant who committed the offense. The prosecution did not ask Officer Camacho, either on direct or re-direct examination and even after the defendant's identity was questioned by defense counsel, whether the individual he stopped that evening and the individual sitting in the courtroom are the same. This simple query, which is often a standard identification question in jury trials, was not asked in this case.

On cross-examination, Officer Camacho confirmed that the description of the person who was stopped that day was six (6) feet tall and had black hair. Mere observation of the

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 6 of 9*

Defendant establishes that the individual who appeared in court does not fit the description set forth in Officer Camacho's police report, yet the prosecution did not ask Officer Camacho to confirm whether the individuals were one in the same, despite the discrepancy between the description of the individual in officer's police report and his courtroom appearance. Although an in-court identification of a defendant is not generally required to establish identity, under the facts of this particular case, the in-court identification was absolutely necessary. As such, the prosecution failed to establish, beyond a reasonable doubt, that Defendant is the individual alleged to have committed the offense with which he has been charged; therefore, a judgment of acquittal is proper.

Even if the testimony of the sole witness established that the Defendant is the same person who was stopped on April 22, 2020 and from whom the two pipes were confiscated, the People failed to establish beyond a reasonable doubt, that the Defendant was in possession of a Schedule II Controlled Substance.

## II. The People Failed To Establish Beyond a Reasonable Doubt that Defendant Possessed a Schedule II Controlled Substance.

The issue of whether the People presented sufficient evidence to sustain a conviction against a defendant charged with Possession of a Schedule II Controlled Substance and Possession of a Schedule II Controlled Substance with Intent to Deliver was addressed by the Guam Supreme Court in *People v. Mateo,* 2017 Guam 22, as cited by the Defendant in support of the instant motion. At the close of the People's case-in-chief, Mateo moved for a judgment of acquittal on the basis that the People failed to establish beyond a reasonable doubt that Mateo possessed an illicit substance. Mateo argued that the trial court erred in admitting the field tests conducted by GPD that showed a "presumptive positive" result for the presence of

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 7 of 9*

methamphetamine. In ruling that the trial court did not err in admitting the field test evidenceand in denying the defendant's motion for a judgment of acquittal, the Guam Supreme Court found that, under the particular circumstances of that case, the field test was not per se inadmissible as scientifically unreliable because there was "more than sufficient evidence to convict Mateo on the charge of possession." *Mateo* ¶ 37. In addition to the field test, Mateo gave two confessions; he admitted he was in the possession of ice and to the reason why he was in possession of it (*Id.*); he admitted to using ice the night prior; there was photographic evidence of the ice pipes and a crystalline substance, *in addition to* the testimony of an expert witness, GPD criminologist Monica Salas, who discussed the scientific basis for the field tests conducted by the other officer. *Id* ¶ 31. None of the cumulative evidence that was available to the jury in *Mateo* was presented to the jury in the instant case.

In marked contrast, the only testimony proffered to the jury in this case that the Defendant was in possession of a Schedule II Controlled Substance is the field test result conducted by Officer Camacho which yielded a presumptive positive result for the presence of methamphetamine. As the Guam Supreme Court has declared in *Mateo,* "if the field tests were the only evidence that the People relied upon to prove that [defendant] possessed a controlled substance, this would not establish guilt beyond a reasonable doubt." *Mateo* ¶ 37.[2]

Here, only Officer Camacho testified that the substance that was contained in the two pipes (People's Exhibit 16 A, B) tested "presumptive positive for the presence of methamphetamines." *supra.* While there is testimony that in his five years as a police officer, he has been involved in traffic stops involving illegal substances, the testimony did not establish

---

[2] *Compare Id.* ("There was considerable circumstantial evidence of Mateo's guilt, and the presumptively positive field tests – though not conclusive – were certainly corroborative of Mateo's possession of a controlled substance.")

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 8 of 9*

his proficiency, training or other indicia of reliability of the field test for the record. *Jury Trial* at 3:44-3:45PM (June 14, 2021). No expert testimony was presented to the jury confirming that lab tests confirmed that the substance was indeed methamphetamines.[3] Officer Camacho ran the field test in his office in Tiyan because he did not have the field test kit with him when he conducted the traffic stop and because Tiyan is a "controlled environment." The only testimony about preserving the evidence of the pipes is that Officer Camacho placed them in a brown paper bag and transported them to Tiyan. No testimony was provided regarding whether this procedure followed protocol or procedure. Officer Camacho also agreed that the field test is not conclusive and "that's why we send it to the lab for them to get a conclusive result." *Jury Trial* at 4:24:55-4:25:08PM (June 14, 2021).

## CONCLUSION

For the reasons set forth herein, the Court GRANTED the Defendant's Motion for Judgment of Acquittal. Judgment and Order expunging this case against the Defendant shall issue under separate cover.

JUN 1 8 2021

SO ORDERED this _____ day of _____, 2021.

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, PPSC_

Date: 6/18/21 Time: 2:59pm ·

Antonio A. Cruz

Deputy-Clerk, Superior Court of Guam

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

---

[3] Expert testimony was excluded under *People v. Nego*, for People's failure to comply with discovery cutoff dates and, importantly, failure to provide Defendant identification of the Expert Witness (at a minimum) despite the demand in writing made by the Defendant. 2021 Guam 3. No motion to continue trial was requested by the People establishing good cause which would supersede the Defendant's right to a speedy trial, no reasons were given for the delay in identifying the proposed expert or the delay in testing when it was evident that testing was relatively rapid and could have been conducted within the discovery deadline set by the Court. The Court also considered the factor in *Nego* of the feasibility of a continuance and determined that under the circumstances it would result in prejudice to the Defendant.

*People of Guam vs. Dominic Joshua Contreras Cruz*
*Criminal Case No. CF0132-21*
*Decision and Order Granting Defendant's Motion for Judgment of Acquittal*
*Page 9 of 9*